RICHARD H. FITZHUGH, PLAINTIFF-APPELLEE, v. JOSEPH
PETRUZZO, DEFENDANT-APPELLANT.

Decided June 22, 1927.

**Negligence—Motor Vehicle Collision—The Question of Contributory Negligence a Factual One—Testimony Sufficient Upon Which Trial Judge Could Hold Expert Witness Duly Qualified to Testify—Other Contentions of Defendant Considered and Judgment For Plaintiff Affirmed.**

On appeal from the District Court of the city of Bayonne.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *William B. Stiles.*

For the appellee, *Feinberg & Feinberg.*

PER CURIAM.

There was a judgment in the Bayonne District Court in favor of the plaintiff below against the defendant below for the sum of $244.90, with costs. Plaintiff's action against the defendant was to recover for the damage done to the former's automobile, as the result of a collision with the defendant's automobile, alleged to have been carelessly operated on the public highway. The defendant by way of recoupment claimed damages of the plaintiff, for the damage done to the former's automobile, as a result of that collision, claiming that the collision was brought about through the sole negligence of the plaintiff. The case was tried before the court without a jury. At the close of the plaintiff's case defendant moved for a nonsuit on the sole ground that the plaintiff was guilty of contributory negligence. The motion was denied and an exception was taken.

From the testimony adduced on behalf of the plaintiff, relating to the circumstances in which the collision occurred,

it appears that a factual question was presented for the jury to determine, whether or not the plaintiff's conduct in the operation of his automobile at the time of the collision proximately contributed to the defendant's negligent conduct. The motion for a nonsuit was therefore properly denied.

Next, it is argued that the testimony of the mechanic, Andrew Squire, was uncertain and inconsistent, and that he was not qualified to give expert testimony as to the market value of the automobile.

There is no merit in this contention. Since there was testimony from which the trial judge could properly find that the witness was qualified to testify as an expert as to the market value of the damaged automobile, the determination of the trial judge in that respect is not open to be questioned here.

Next, it is argued that the trial judge erred in not permitting defendant's counsel to cross-examine Rose Conti, who had been called by the plaintiff's counsel to rebut the defendant's testimony, which was to the effect that he was not talking prior to and at the time of the accident with his head turned toward some girls sitting in the back of his automobile.

The witness, Rose Conti, was called by plaintiff's counsel in rebuttal, and it appears from the printed record that the trial judge permitted the defendant's counsel to cross-examine the witness as to those matters which were elicited from her on the direct examination. The trial judge expressly stated to defendant's counsel that if he wanted to make the witness his own he could proceed with the examination. We perceive no error in this judicial action.

The last and only other ground relied on by counsel of appellant for a reversal of the judgment seems to be an attack upon the credibility of the witnesses who testified on behalf of the plaintiff. Of course, the credibility of the witnesses was a subject-matter wholly within the province of the trial judge to pass upon and is not reviewable. So long as it appears that there was testimony in support of the finding of the trial judge, and we think there was, this court cannot properly disturb such finding.

Judgment is affirmed, with costs.